In the Matter of IRVING B. LAMPERT, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 29, 1988

**APPEARANCES OF COUNSEL**

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice as an attorney and

counselor-at-law in the State of New York by the Appellate Division, Second Department, on March 15, 1961. At all relevant times, respondent maintained an office for the practice of law in the First Judicial Department.

Respondent was charged in March 1987 by the petitioner, Departmental Disciplinary Committee, with violating Code of Professional Responsibility DR 1-102 (A) (4) and (6); DR 6-101 (A) (3) and DR 7-101 (A) (2) arising from his conduct in neglecting to prosecute certain legal matters on behalf of four clients, failing to carry out contracts of employment entered into for professional services to be rendered, and misrepresenting to clients the status of matters. Following a hearing, the Hearing Panel of the Committee sustained the charges.

We find that the evidence before the Hearing Panel amply supports the finding of respondent's guilt of the offenses charged.

In the AMS Manufacturing matter, he was retained to prosecute a breach of contract action in 1975 but neglected the matter until after 1981. By that time, the defendant corporation had sold virtually all of its assets to a third party, rendering a judgment obtained in 1983 essentially unenforceable. Throughout this entire period respondent either misrepresented the status of the matter to AMS or failed to respond to its many other inquiries. Respondent also misrepresented the matter in a sworn interview before the Departmental Disciplinary Committee.

In the Petrillo Concrete matter, respondent was retained in 1975 to prosecute a commercial matter seeking $700,000 in damages. Respondent neglected the matter and disobeyed a conditional order of preclusion entered against his client for his failure to respond to the bill of particulars. Respondent did not advise his client of this fact and for many years continued to take steps to prepare his client for certain discovery which was never scheduled, misleading the client that the matter was still active even though precluded by the 1976 order.

In the Designed Weather matter, respondent was retained to represent his client in a complex commercial litigation. Respondent neglected to comply with certain discovery demands and defaulted on certain motions. His clients' answer and counterclaims were stricken and a $500,000 bond posted by the plaintiff was discharged. Subsequently, a default judgment was entered against Designed Weather as a result of respondent's neglect. Throughout this substantial period of

time, respondent did not respond to most of his client's many inquiries, and on the few occasions he did respond, he misrepresented the facts and status of the lawsuit.

In the Urban Electric matter, a complex commercial litigation in United States District Court, respondent willfully disobeyed numerous discovery demands and two court orders directing compliance. Although the opponents' motions to dismiss the complaint were denied, respondent was ordered to pay $1,500 costs personally and given a new deadline to comply with the discovery demands. After several further conferences and motions, respondent neither paid the sanction nor complied with discovery. As a result, his client's complaint was dismissed. Respondent at no point informed his client of these developments.

Respondent has previously been admonished by the Departmental Disciplinary Committee for neglecting three separate legal matters, and accordingly, the Hearing Panel recommends a sanction of a two-year suspension. Because of the serious and extensive nature of neglect by the respondent of the four matters here in issue, with the attendant dire consequences for his clients, coupled with respondent's prior disciplinary record, we agree with the recommended sanction.

Accordingly, the petition should be granted, the finding of guilt confirmed, and respondent suspended from the practice of law for a period of two years from the date of this order.

MILONAS, J. P., KASSAL, ROSENBERGER, ELLERIN and SMITH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of two years, effective November 29, 1988, and until the the further order of this court.