[774 NYS2d 522]

In the Matter of GLEN J. GENTILE (Admitted as GLEN JEREMIAH GENTILE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 8, 2004

APPEARANCES OF COUNSEL

*Thomas J. Cahill (Jun Hwa Lee* of counsel), for petitioner.
*Glen J. Gentile,* respondent pro se.

OPINION OF THE COURT

Per Curiam.

Respondent Glen Jeremiah Gentile was admitted to the practice of law in the State of New York by the Second Judicial Department on February 3, 1988. At all relevant times, he maintained an office for the practice of law within the First Judicial Department.

The Committee charged respondent with 38 counts of professional misconduct. After hearings, a Referee sustained 27 of the 38 charges, and recommended the imposition of a suspension of no less than two years, as urged by the Committee. The Hearing Panel confirmed the Referee's report and recommendations in all respects. The Committee now seeks an order, pursuant to 22 NYCRR 603.4 (d) and 605.15 (e), confirming the determination of the Hearing Panel, and suspending respondent for no less than two years. Respondent cross-moves for an order disaffirming the recommendations of the Referee and Hearing Panel, and instead imposing either public censure or a suspension of no more than six months.

The Referee and Hearing Panel sustained the following 27 charges against respondent: (1) neglecting six legal matters entrusted to him in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3] [six charges]); (2) failing to promptly refund unearned fees to seven clients in violation of DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3] [seven charges]); (3) failing to render an accounting to six clients in violation of DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3] [six charges]); (4) failing to transfer files to two clients in violation of DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4] [two charges]); (5) failing to participate in a mandatory fee arbitration, to pay a client's arbitration award, and to satisfy duly filed judgments in favor of three clients, thereby engaging in conduct prejudicial to the administration of justice in violation of DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5] [four charges]); and, through all of the foregoing conduct, engaging in conduct that reflects adversely on his fitness as a lawyer in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7] [two charges]). The sustained charges arise from respondent's retention by 15 different clients.

Respondent does not seek to dissuade us from confirming the findings of misconduct against him. This choice is readily un-

derstandable, as the record fully supports the Hearing Panel's conclusion that respondent's conduct manifests "a chronic pattern of neglect which evidences [his] total disregard of his obligations as an attorney." In brief, respondent typically would agree to provide representation to a client of modest means, would accept a retainer fee, and then would do little or no work on the matter. Moreover, respondent would frequently fail to respond to clients' telephone messages and letters. After neglecting matters for extended periods, respondent would typically fail to honor clients' demands for the return of unearned fees, and he has failed to pay three judgments and one arbitration award that clients have obtained against him.

In one particularly egregious case, a client paid respondent a retainer fee of $7,000 to pursue a discrimination claim against her former employer. After respondent commenced an action against the employer by filing a summons with notice, he failed to timely serve a complaint in response to the employer's demand, even after the employer's counsel granted him an extension of time to do so. The failure to serve a complaint led to the dismissal of the action on default. By that time, it was too late, under the applicable statute of limitations, for the client to commence a new action. In another case, in which the client paid respondent a retainer fee of $5,300, respondent filed a summons with notice to commence a wrongful discharge action on the client's behalf, but never caused such papers to be served on the defendant.

Respondent contends that factors mitigating his culpability warrant imposition of a lesser penalty than that recommended by the Referee and the Hearing Panel. Among other mitigating factors, respondent notes that he is the principal support of his wife and young son, and that he suffered from diagnosed psychological impairments (obsessive-compulsive disorder, anxiety and depression) during the period of his misconduct. Respondent is presently receiving treatment for these problems. In addition, respondent notes that he has fully cooperated with the Committee in the investigation of this matter, and he expresses remorse for his misconduct.

Notwithstanding respondent's somewhat sympathetic appearance in light of the aforementioned mitigating factors, we conclude that the two-year suspension recommended by the Referee and the Hearing Panel should be imposed. As the Referee aptly noted, "[t]he sheer number and repetitive nature of the complaints against [r]espondent bespeak a lawyer whose

sense of his professional responsibilities went badly awry." Moreover, contrary to respondent's attempts to minimize the injuries his clients suffered as the result of his derelictions, we agree with the Referee that "the record is replete with complaints of clients who describe numerous ways in which [r]espondent's neglect of their cases caused them serious and permanent harm." For example, one client, who hired respondent to negotiate a severance package with his former employer, was left without medical insurance as the result of respondent's almost total neglect of the matter, and consequently accumulated huge medical bills he was unable to pay. In addition, respondent admitted that he owed his clients a total of between $31,000 and $38,000 in judgments and refundable fees; his claim that $13,000 of this amount has been paid is not supported by any evidence. Further, respondent's claim of mitigation based on psychological impairment is not sufficiently compelling to justify the degree of leniency he seeks. Among other weaknesses of respondent's mitigation argument, he has not explained how his psychological symptoms were related to such misconduct as his failures to refund unearned fees, to provide accountings, to transfer files to clients, and to satisfy three judgments and one arbitration award.

In sum, in view of the large number of clients affected by respondent's misconduct, the pervasive nature of that misconduct, respondent's apparent failure to understand the harm he has caused, and his prior disciplinary history (four letters of caution and one letter of admonition), we confirm the recommendation of a two-year suspension (*see Matter of Segal*, 190 AD2d 295 [1993]).

Accordingly, the Committee's motion should be granted to the extent of confirming the findings of fact and conclusions of law of the Hearing Panel and the Referee, and to the further extent of suspending respondent from the practice of law for a period of two years, effective 30 days from the date of this order, and until further order of this Court, and respondent's cross motion should be denied in its entirety.

Tom, J.P., Saxe, Sullivan, Lerner and Friedman, JJ., concur.

Petition granted, and respondent suspended from the practice of law in the State of New York for a period of two years, effective May 10, 2004, and until further order of this Court. Cross motion to disaffirm denied.