[804 NYS2d 307]

In the Matter of JOSEPH G. O'SHEA (Admitted as JOSEPH GER-
ARD O'SHEA), an Attorney, Respondent. DEPARTMENTAL DIS-
CIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT,
Petitioner.

First Department, November 22, 2005

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary
Committee,* New York City (*Eileen J. Shields* of counsel), for
petitioner.

*Richard M. Maltz, PLLC*, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Joseph G. O'Shea was admitted to the practice of law in the State of New York by the Second Judicial Department on August 1, 1984, as Joseph Gerard O'Shea. He is also admitted to the bar in Rhode Island and Connecticut. At all times relevant to this proceeding he maintained an office for the practice of law within the First Judicial Department.

On January 15, 2004, the Departmental Disciplinary Committee served respondent with a notice and statement of charges alleging violations of the Code of Professional Responsibility (Code of Professional Responsibility DR 1-102 [a] [4], [5], [7]; DR 6-101 [a] [3] [22 NYCRR 1200.3, 1200.30]), based upon his alleged neglect of three client matters and affirmative misrepresentations made to the clients regarding the status of their cases. After the charges were served, the Committee received a new complaint regarding neglect of a fourth client matter, and amended the charges.

Respondent stipulated to the facts alleged as to all four matters. In two of the matters, clients had retained respondent to file personal bankruptcy petitions, and respondent failed to do so, and then lied to the clients about the status of their petitions. The other two matters involved real estate transactions. In one, respondent failed to file an amended deed and then told the client that it had been filed, and in the other, respondent failed to take timely action to obtain the return of his client's contract deposit, and then misrepresented to his client the existence and progress of a lawsuit, going so far as to draft fictitious litigation papers purportedly served by the opposing side.

The Referee sustained all 12 charges.

Following the sanction hearing, the Referee found, in aggravation, a prior admonition respondent received on February 2, 2001, based upon his neglect of a bankruptcy matter. In mitigation, a consulting forensic psychiatrist asserted that respondent suffered from a personality disorder of passive-aggressiveness which made it difficult for him to confront conflicts with clients, and that in addition, respondent was suffering from chronic depression causing him to become more and more isolated and withdrawn. This physician estimated that respondent should improve in a year if he continued with his medication and therapy. Additional mitigation was offered in the form of three

character witnesses who asserted that respondent had an outstanding record of community work with his church, no venal intent and did not profit from his professional lapses.

The Referee recommended that respondent should be suspended from the practice of law for one year. Upon its review, the Hearing Panel confirmed the Referee's findings, but recommended a two-year suspension, particularly noting that the prior disciplinary proceeding and admonition had had no effect on respondent.

The Committee now petitions this Court for an order pursuant to 22 NYCRR 603.4 (d), confirming the findings of fact and conclusions of law of the Hearing Panel, and suspending respondent from the practice of law for a period of two years. We grant the petition. A two-year suspension is appropriate where respondent neglected four matters, and then made misrepresentations to the clients as to the status of the cases, particularly when he took affirmative steps to support his misrepresentations, such as fabricating documents to give the client the false impression that a contested litigation was in progress (*see Matter of Lampert*, 142 AD2d 66 [1988]; *Matter of Siegel*, 193 AD2d 181 [1993]; *Matter of Gill*, 225 AD2d 170 [1996]; *Matter of Ripps*, 228 AD2d 129 [1997]; *Matter of Gentile*, 7 AD3d 37 [2004]). While there was an indication that respondent's psychological problems had caused or contributed to the misconduct, this mitigating evidence does not satisfactorily explain or justify the extent to which respondent deceived clients. Moreover, the Hearing Panel was properly concerned regarding respondent's failure to take steps following the earlier admonition, to assure that no further lapses would occur.

Accordingly, the petition should be granted, the determination of the Hearing Panel confirmed, and respondent suspended from the practice of law for a period of two years.

TOM, J.P., SAXE, MARLOW, ELLERIN and CATTERSON, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective December 22, 2005, and until further order of this Court.