[874 NYS2d 373]

In the Matter of JOSEPH G. O'SHEA (Admitted as JOSEPH GERARD O'SHEA), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 17, 2009

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Eileen J. Shields* of counsel), for petitioner.

*Richard M. Maltz* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Joseph G. O'Shea was admitted to the practice of law in the State of New York by the Second Judicial Department on August 1, 1984, as Joseph Gerard O'Shea. He was also admitted to the bar of Rhode Island in 1982 and Connecticut in 1986. At all relevant times, he maintained an office for the practice of law in this Department.

By order dated November 22, 2005, respondent was suspended from the practice of law for two years, based upon neglect of client matters and misrepresentations to clients as to the status of their cases, supporting his misrepresentations with fabricated documents (*Matter of O'Shea*, 25 AD3d 203 [2005]). Based upon this suspension, respondent was also suspended for two years by the Rhode Island Supreme Court and disbarred by the Supreme Court of Connecticut.

The Departmental Disciplinary Committee now moves, pursuant to 22 NYCRR 603.11, for an order accepting respondent's resignation from the practice of law and to strike his name from the roll of attorneys. Respondent's affidavit of resignation, sworn to on January 20, 2009, complies with section 603.11 in that he states that (1) his resignation is submitted freely, voluntarily and without coercion or duress, and that he is fully aware of the implications of submitting his resignation, (2) he is aware that the Committee is investigating complaints of professional misconduct against him, and (3) if charges were brought predicated upon those complaints, he would be unable to successfully defend himself (*see* 22 NYCRR 603.11 [a] [1]-[3]). Specifically, he acknowledges that there are disciplinary proceedings pending against him arising out of complaints that he practiced law while under suspension, and that he failed to timely pay a client's income tax due in connection with the sale of the client's apartment.

In light of respondent's submission of an affidavit in full compliance with 22 NYCRR 603.11 (a), the Committee's motion is granted.

Accordingly, respondent's resignation from the practice of law should be accepted, and his name stricken from the roll of attorneys, effective nunc pro tunc to January 20, 2009.

TOM, J.P., SAXE, GONZALEZ, SWEENY and CATTERSON, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to January 20, 2009.