[911 NYS2d 295]

In the Matter of GISELLE M. SAMUELY, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 16, 2010

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Ann E. Scherzer* of counsel), for petitioner.

*Howard Benjamin*, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Giselle M. Samuely was admitted to the practice of law in the State of New York by the First Judicial Department on November 3, 1993. At all times relevant to this proceeding, respondent has registered her address with the Office of Court Administration as being within the First Judicial Department.

On April 22, 2009, the Departmental Disciplinary Committee filed formal charges against respondent, and amended those charges on July 15, 2009, relating to four immigration matters, alleging 11 Code of Professional Responsibility violations: DR 1-102 (a) (4) (conduct involving dishonesty, fraud, deceit or misrepresentation—seven counts), DR 6-101 (a) (3) (neglect—three counts), and DR 1-102 (a) (7) (engaging in conduct adversely reflecting on her fitness to practice law) (22 NYCRR 1200.3 [a] [4], [7]; 1200.30 [a] [3]). In her July 24, 2009 answer, respondent admitted certain factual allegations as to three complainants, but denied the charges.

A Referee held a hearing at which the four complainants testified. Respondent appeared by counsel, testified on her own behalf, and introduced the testimony of her psychiatric nurse practitioner and a character witness. The Referee sustained all the charges relating to three clients, found that the Committee had failed to prove misconduct regarding the fourth client, and recommended a one-year suspension. The Hearing Panel heard oral argument and, by an April 7, 2010 report, confirmed the Referee's findings of fact and conclusions of law, but recommended a five-year suspension.

The Committee seeks an order confirming the findings of fact, conclusions of law and recommendations of the Hearing Panel and suspending respondent for five years. Respondent cross-moves to, inter alia, disaffirm the Panel's report to the extent that the Panel seeks a suspension, asserting that a public censure is appropriate.

Respondent began practicing immigration law in 1999, and in 2001 she became a solo practitioner working mostly with foreign teachers who need visas. She is active in Venezuelan politics, her parents still reside in Venezuela and she receives referrals from the Venezuelan Embassy and via word of mouth.

Most of the charges sustained by the Referee related to respondent's filing of visa applications for a former Venezuelan

general and his family. In August 2004, respondent filed visa applications for the general and his wife. Thereafter, when the general's visa application was denied, respondent told the general that his application needed to be resubmitted, but she did not refile it. In December 2006, she falsely told the general that his visa application had been approved. She later informed him that the document approving the visa had been lost and gave him an altered receipt from the U.S. Citizenship and Immigration Services (USCIS) which she had created by substituting information from another client with information relative to the general.

Respondent also wrote a letter to the Virginia Department of Motor Vehicles (DMV) dated March 30, 2007, which falsely stated that the general's visa application had been approved. She attached the receipt to the letter. In July 2007, respondent filed a skeletal application for an O-1 visa (an extraordinary ability visa) for the general, which was denied.

Respondent acknowledged that she falsely told the general that his visa application had been approved in December 2006. She also admitted that she had altered another client's USCIS receipt by substituting the general's information with that of another client and changing the date, and that the DMV letter was false. The foregoing conduct violated DR 1-102 (a) (4) and DR 6-101 (a) (3).

Regarding the visa application for the general's son Hector, respondent falsely told the general that she had filed a visa application for Hector and later, by e-mail, provided Hector with a fabricated case number for his application. On four occasions respondent wrote to Hector, falsely advising that his visa application was pending and providing a fabricated case number. In July 2007, respondent filed a skeletal application for an O-1 visa for Hector, which was denied.

Respondent admitted that her letters indicating that Hector's visa application was pending were false. The foregoing conduct violated DR 1-102 (a) (4) and DR 6-101 (a) (3).

The Referee also sustained charges with respect to respondent's misconduct in handling applications for client CV, a teacher who hired respondent to apply for permanent residency for her and her husband JP, based on CV's employment. In March 2008, respondent told CV that her papers were being processed. Respondent sent CV a March 27, 2008 letter, confirming that CV and JP's applications were pending before the Department of Labor and would soon be granted. Thereafter,

respondent repeatedly advised that she was expecting confirmation of the residency applications from the Department of Labor. On July 17, 2008, respondent e-mailed CV that her labor certification was approved. On November 2, 2008, respondent e-mailed CV a false case number for her application.

Respondent admitted that at the time she wrote the March 27, 2008 letter, no residency application was pending on CV or JP's behalf and that she provided CV with a false case number. The foregoing conduct violated DR 1-102 (a) (4) and DR 6-101 (a) (3).

While sustaining the charges, the Referee noted in mitigation that respondent had enjoyed a good reputation as a hardworking lawyer who assisted Hispanic aliens in moving applications "through the administrative morass of the U.S. Immigration Department." The Referee also credited respondent's testimony that the general became threatening and demanding, causing her to fear for the safety of her parents, who live in Venezuela. The general denied discussing respondent's family with her.

In further mitigation, respondent testified that, at the suggestion of her prior counsel, in July 2008 she began seeing a therapist for anxiety, whom she saw weekly for six months and who treated her with medication. Respondent stopped seeing the therapist due to financial issues but began seeing her again in July 2009.

In aggravation, the Committee introduced a November 16, 2006 letter of admonition issued to respondent for the neglect of an immigration matter and two IOLA account violations.

The Committee seeks a five-year suspension and respondent seeks a public censure.

Respondent's neglect of three civil matters, lying to conceal her neglect, and her fabrication of a receipt which she then submitted to Virginia's DMV is aggravated by her disciplinary history and the vulnerability of her immigration clients. "This Court has consistently held that a persistent pattern of neglect warrants a substantial suspension from the practice of law" (*Matter of Alperin*, 66 AD3d 309, 312 [2009] [two-year suspension for neglect of five matters involving four clients aggravated by deception to conceal the neglect, with no prior discipline]; *see also e.g. Matter of O'Shea*, 25 AD3d 203 [2005] [two-year suspension for neglect of four matters, misrepresentations to clients, good reputation, psychological problems, and one prior admonition]; *Matter of Gentile*, 7 AD3d 37 [2004] [two-year

suspension for neglect of six matters, failure to return unearned fees, one prior admonition and four letters of caution, with psychological problems, cooperation with the Committee and remorse presented in mitigation]).

In light of the number and seriousness of the sustained charges, the aggravating factors noted above and the absence of compelling mitigation, public censure is not appropriate here. Notably, the pressure placed on respondent by the general did not satisfactorily explain or justify the misconduct and is unrelated to CV's complaints. This is especially so in light of "respondent's failure to take steps following the earlier admonition, to assure that no further lapses would occur" (*Matter of O'Shea*, 25 AD3d at 205).

Accordingly, the Committee's petition is granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law, and suspending respondent from the practice of law for two years.

FRIEDMAN, J.P., CATTERSON, MOSKOWITZ, RENWICK and ABDUS-SALAAM, JJ., concur.

Respondent is suspended from the practice of law in the State of New York for a period of two years, effective December 16, 2010. Cross motion denied.