[965 NYS2d 499]

In the Matter of MILTON L. MEYERS (Admitted as MILTON LAW-RENCE MEYERS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 28, 2013

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City *(Jeremy S. Garber* of counsel), for petitioner.

*Milton L. Meyers,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Milton L. Meyers was admitted to the practice of law in the State of New York by the Second Judicial Department on April 21, 1971 under the name Milton Lawrence Meyers. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On or about July 1, 2011, the Departmental Disciplinary Committee served respondent with a notice and statement of charges arising from his representation of three immigration clients. Specifically respondent was charged with nine counts, including neglecting immigration matters in violation of Code of Professional Responsibility DR 6-101 (a) (3) and DR 1-102 (a) (4) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [4]); failing to promptly refund an unearned retainer in violation of DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3]); and engaging in conduct that adversely reflects on his fitness as a lawyer in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). In an answer dated August 30, 2011, respondent admitted all the material facts alleged by the Committee but did not make any admissions or denials with respect to the charges; however, respondent later admitted all the charges at the hearing.

On October 4, 2011, a hearing on the charges convened before a referee, at which respondent appeared pro se. The Committee did not call any witnesses but relied on documentary evidence and respondent's admissions. Respondent did not call any witnesses but testified on his own behalf.

In light of respondent's admissions, the Referee convened a sanction hearing on November 3, 2011. In mitigation, respondent testified, inter alia, that over the years he has been treated by psychologists and psychiatrists for depression; he suffers from cardiac problems; that he financially supports and oversees the care of his 90-year-old mother; and that he is paying for college for his two children. Respondent also testified that he has reformed his practice, to wit, respondent now makes it his

practice to send letters of engagement and, when applicable, sends written confirmation that he will not be proceeding with a matter; he uses a revised, "double" calendaring system; he uses an outside service to handle advertisements required for the labor certification process; and he uses an Internet-based program that electronically notifies him of deadlines.

In aggravation, the Committee introduced two prior admonitions received by respondent. In September 2003, respondent was admonished for failing to file two immigration petitions and making intentional misrepresentations to the affected clients, which included providing them with fictitious Immigration and Naturalization Service file numbers. In May 2009, respondent was admonished for failing to timely file a client's immigration application.

Both parties submitted post-hearing memoranda in which the Committee argued for a two-year suspension and respondent argued for a three-month suspension. In his report dated December 29, 2011, the Referee sustained all the charges and recommended that respondent be suspended for two years primarily because of his repeated instances of neglect and deceit over nearly a decade. Specifically, the Referee pointed out that respondent not only lied about his neglect but he forged documents, and created fictitious governmental file numbers to cover up his malfeasance.

On April 17, 2012, a Hearing Panel heard oral argument. The Committee argued that the Referee's report should be confirmed in its entirety and respondent urged that the liability findings should be confirmed but requested that, in lieu of a two-year suspension, a three-month suspension be imposed. In its report dated June 29, 2012, the Panel recommended confirming the Referee's report in its entirety.

By petition dated July 30, 2012, the Committee moves for an order, pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) (2), confirming the Hearing Panel's findings of fact and conclusions of law, and its recommendation that respondent be suspended for two years. Respondent has not submitted a response to the Committee's petition.

In cases like this, where the neglect has been coupled with misrepresentation of the status of the case to the client, the term of suspension has generally been two years (see e.g. *Matter of Samuely*, 80 AD3d 163 [1st Dept 2010] [two-year suspension for, inter alia, failing to file three immigration applications, repeated misrepresentations to clients, fabrication of U.S. Citi-

zen and Immigration Services filing receipt and file numbers, and prior admonition for neglect and IOLA account violations]; *Matter of Alperin*, 66 AD3d 309 [1st Dept 2009] [two-year suspension for neglect of five civil matters, repeated misrepresentations to clients and law firm, false billing entries, no prior disciplinary history]; *Matter of Cohen*, 40 AD3d 61 [1st Dept 2007] [two-year suspension for neglecting an immigration matter, and supervising the alteration and filing of a backdated labor certification application, no prior disciplinary history]; *Matter of O'Shea*, 25 AD3d 203 [1st Dept 2005] [two-year suspension imposed for neglect and misrepresentation in connection with four client matters which included, inter alia, failure to file two bankruptcy petitions and fabrication of litigation documents, prior admonition for similar misconduct]; *Matter of Gentile*, 7 AD3d 37 [1st Dept 2004] [two-year suspension for, inter alia, neglect of six legal matters and failure to return unearned fees to seven clients, one prior admonition and four letters of caution]).

In light of respondent's admissions and the evidence presented, we confirm the findings of fact and conclusions of law sustaining the nine charges of professional misconduct in violation of DR 6-101 (a) (3) and DR 1-102 (a) (4) and (7) and DR 2-110 (a) (3). As to sanction, we agree with the recommendation to suspend respondent for two years. While respondent has expressed remorse and provided some mitigating circumstances, we cannot ignore the fact that respondent not only neglected legal matters, but his additional misconduct involved lying to his clients and forging documents and creating fictitious governmental file numbers to cover up his malfeasance. In addition, while respondent has altered office procedures and has created a reorganization plan which can be considered in mitigation (*Matter of Danas*, 236 AD2d 44 [1st Dept 1997]), the fact that respondent neglected a matter and lied about his neglect around the same time that he received two prior letters of admonition for engaging in similar conduct, is particularly disturbing. Finally, as this Court has previously pointed out, "the fact that an extended suspension would work a hardship on respondent's family, clients and practice is inherent in any suspension imposed by this Court" (*Matter of Leavitt*, 291 AD2d 37, 39 [1st Dept 2002]).

Accordingly, the Committee's petition should be granted, the Hearing Panel's findings of fact and conclusions of law should be confirmed, and respondent suspended from the practice of law for a period of two years.

ANDRIAS, J.P., FRIEDMAN, ACOSTA, RENWICK and RICHTER, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of two years, effective June 27, 2013 and until further order of this Court.