Matter of Stewart (2022 NY Slip Op 03347)





Matter of Stewart


2022 NY Slip Op 03347


Decided on May 24, 2022


Appellate Division, First Department


Per Curiam 



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
Troy K. Webber
Angela M. Mazzarelli
Anil C. Singh
Manuel J. Mendez, JJ.


Motion No. 2022-01124 Case No. 2022-01108 

[*1]In the Matter of Michael D. Stewart (Admitted as Michael David Stewart) an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael D. Stewart (OCA Atty. Reg. No. 2909737), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Michael David Stewart, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 13, 1998.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, Esq., of counsel), for petitioner.
Respondent, pro se.
Per Curiam 


Respondent Michael D. Stewart was admitted to the practice of law in the State of New York by the First Judicial Department on July 13, 1998, under the name Michael David Stewart. Respondent's registered business address is in Florida, but this Court retains jurisdiction over him as the admitting Department (Rules for Attorney Disciplinary Matters [22 NYCRR] §1240.7 [a][2]).
In March 2021, the Florida Bar filed a complaint charging respondent with misconduct for neglecting and failing to communicate with the client in six matters. In his answer to the Florida Bar, respondent, pro se, admitted some of the factual allegations but denied the charges. Thereafter, by unconditional guilty plea for consent judgment dated August 12, 2021, respondent admitted the material factual allegations, and the charges that constituted violations of the following Rules Regulating the Florida Bar in connection with all the counts of the complaint: Rule 4-1.1 (Competence); Rule 4-1.2 (Objectives and Scope of Representation - Lawyer to Abide by Client's Decisions); Rule 4-1.3 (Diligence), Rule 4-1.4 (Communication); Rule 4-3.2 (Expediting Litigation); Rule 4-8.1 (Maintaining the Integrity of the Profession - Bar Admission and Disciplinary Matters); and Rule 4.8.4(g) (Misconduct - A lawyer shall not fail to respond in writing to an official inquiry by bar counsel or a disciplinary agency ). Respondent consented to a two-year suspension and a restitution judgment in favor of the affected clients.
The matter was then reviewed by a Referee who, by report dated September 1, 2021, recommended accepting the consent judgment finding respondent guilty of the admitted misconduct. As to the sanction, the Referee cited to respondent's mitigation, specifically, the absence of a dishonest or selfish motive and full and free disclosure to the Florida bar. The Referee recommended suspending respondent for a period of two years, directing him to pay restitution to his former clients, and to pay the Florida Bar's disciplinary costs, in accordance with the terms of his guilty plea.
By order entered September 15, 2021, the Florida Supreme Court approved the Referee's uncontested report and suspended respondent for two years, effective 30 days from the date thereof, for professional misconduct committed in connection with the six separate client matters. Respondent was directed to make restitution as set forth in the Referee's report and his unconditional guilty plea for consent judgment.
By order entered October 18, 2021, the U.S. District Court for the Southern District of Florida imposed reciprocal discipline and immediately suspended respondent based on the discipline imposed by the Florida Supreme Court.
The Attorney Grievance Committee (AGC) now moves for an order pursuant to 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, for a finding that respondent has been [*2]disciplined by a foreign jurisdiction, directing him to demonstrate why this Court should not impose discipline based on the misconduct underlying his discipline in Florida, and suspending him for a period of two years, or, in the alternative, sanctioning him as this Court deems just and proper. Respondent is pro se and did not appear in this proceeding.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.
The AGC served this motion by email, with respondent's consent, he has not submitted a response and is in default. None of the aforementioned enumerated defenses are available to respondent notwithstanding his failure to assert any defenses because: respondent received notice of the charges asserted against him in Florida and chose to admit them; the Referee and Florida Supreme Court's misconduct findings are premised on respondent's own admissions and fully supported by the record; and the misconduct for which he was disciplined in Florida would constitute misconduct in New York in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.1(a), 1.2(a), 1.3(a) and 1.4(a)(4).
As such, the only issue left to decide is the appropriate sanction to impose. This Court's general rule is that "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]), and only in rare instances will this Court depart from its general rule (Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]; Matter of Lowell, 14 AD3d 41, 48 [1st Dept 2004], appeal dismissed 4 NY3d 846 [2005], lv denied 5 NY3d 708 [2005]).
The two-year suspension, as requested by the AGC, is the appropriate sanction herein as it is commensurate with the discipline imposed in Florida and in general accord with precedent involving arguably comparable misconduct (see Matter of Berman, 162 AD3d 21 [1st Dept 2018]; Matter of Joffe, 158 AD3d 11 [1st Dept 2018]; Matter of Sobolevsky, 96 AD3d 60 [1st Dept 2012]; Matter of O'Shea, 25 AD3d 203 [1st Dept 2005]; Matter of Gentile, 7 AD3d 37 [1st Dept 2004]).
Accordingly, the Committee's motion pursuant to 22 NYCRR 1240.13 should be granted with reciprocal discipline imposed, and respondent is suspended from the practice of law in the State of New York for a period of two years, and until further order of this Court.
All concur.
It is Ordered that the Attorney Grievance Committee for the First Judicial Department's [*3]motion for reciprocal discipline pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13 is granted, and respondent Michael D. Stewart, admitted as Michael David Stewart, is suspended from the practice of law in the State of New York for a period of two years, effective June 23, 2022, and until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent Michael D. Stewart, admitted as Michael David Stewart, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Michael D. Stewart, admitted as Michael David Stewart, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Michael D. Stewart, admitted as Michael David Stewart, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: May 24, 2022