19-90078
In re Stafford

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

IN RE YING STAFFORD,

                              Attorney.

19-90078-am

ORDER OF
GRIEVANCE PANEL

---

FOR ATTORNEY:

DEBORAH SCALISE
Scalise & Hamilton P.C.
Scarsdale, New York

This Court's Committee on Admissions and Grievances (the "Committee") has recommended that Ying Stafford be disciplined for her misconduct in this Court. Upon due consideration, it is hereby ORDERED that Stafford is SUSPENDED for a period of two years for engaging in conduct unbecoming a member of this Court's bar, with the suspension commencing nunc pro tunc on July 9, 2019, when this panel imposed an interim suspension.

## I. Committee Proceedings and Stafford's Response to the Committee's Report

We referred Stafford to the Committee for investigation of her conduct in this Court and preparation of a report on whether she should be subject to disciplinary or other corrective measures.

The conduct at issue is described in our November 2019 summary order referring Stafford to the Committee. *See In re Stafford*, 789 F. App'x 281 (2d Cir. 2019). Although Stafford was referred to the Committee in 2019, its proceedings were delayed as a result of the Covid-19 pandemic.

During the Committee's proceedings, Stafford had the opportunity to address the matters discussed in our referral order and to testify under oath at a hearing held before Committee members Terrence M. Connors, Sheila S. Boston, and Judge Howard Levine. Thereafter, the Committee filed with the Court the record of the Committee's proceedings and its report and recommendations. In its report, the Committee found clear and convincing evidence that Stafford had engaged in serious misconduct warranting the imposition of discipline. After considering several mitigating and aggravating factors, the Committee recommended that Stafford receive a two-year suspension, commencing nunc pro tunc as of the date of our July 2019 order imposing an interim suspension, and that she be permitted to resume practice before the Court.

In response to the Committee's report, Stafford stated, inter alia, that she accepted the Committee's factual findings and its recommendations.

## III. Discussion and Disposition

"We give particular deference to the factual findings of the Committee members who presided over an attorney-disciplinary hearing where those findings are based on demeanor-based credibility determinations, and somewhat lesser deference to credibility findings based on an analysis of a witness's testimony." *In re Gordon*, 780 F.3d 156, 158 (2d Cir. 2015) (internal quotation marks omitted). In general, the credibility determinations of the presiding Committee members will not be overruled unless they are clearly erroneous. *Id.* The same is true for the Committee's other factual findings. *In re Sanchez*, No. 19-90023, 2024 WL 3741346, at *2 (2d Cir. 2024); *accord* Fed. R. Civ. P. 52(a)(6). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012).

We accept the Committee's factual findings, its determinations concerning aggravating and mitigating circumstances (except as discussed below), and its recommendation that a two-year suspension is warranted.[1] We also agree that the suspension should be imposed nunc pro tunc, and treated as having commenced on July 9, 2019, the date we imposed an interim suspension.

---

[1] *See In re Meyers*, 108 A.D.3d 158, 160–61 (1st Dep't 2013) ("In cases like this, where the neglect has been coupled with misrepresentation of the status of the case to the client, the term of suspension has generally been two years." (citing cases); misconduct included "forging documents and creating fictitious governmental file numbers to cover up [attorney's] malfeasance"); *In re O'Shea*, 25 A.D.3d 203, 205 (1st Dep't 2005) ("A two-year suspension is appropriate where [attorney] neglected four matters, and then made misrepresentations to the clients as to the status of the cases, particularly when he took affirmative steps to support his misrepresentations, such as fabricating

In addition to the significant mitigating circumstances discussed by the Committee, we note that this disciplinary proceeding was prolonged primarily as a result of the Covid-19 pandemic. We consider this an additional significant mitigating factor, particularly in light of the interim suspension. *See* ABA Standards for Imposing Lawyer Sanctions § 9.32(j) (1986, amended 1992) (listing "delay in disciplinary proceedings" as mitigating factor); *see also, e.g.*, *In re Robinson*, 209 A.3d 570, 595-96 (Vt. 2019) ("We have recognized that delay in disciplinary proceedings may carry weight as a mitigating factor, particularly when a respondent has not violated the rules in the interim . . . ."); *In re Gross*, 759 N.E.2d 288, 292-93 (Mass. 2001) (stating that "delay may be considered in mitigation," particularly where prejudice resulted, such as loss of evidence or extended period of anxiety or humiliation due to public's knowledge of charges).

However, the fact that Stafford has been disciplined by another court for the same misconduct, is not a mitigating factor in this case. In general, multiple disciplinary sanctions imposed by different courts for the same misconduct is a norm, whether imposed through a court's reciprocal disciplinary provisions or otherwise.[2] *See, e.g.*, Second Cir. Local Rule 46.2(c) (reciprocal disciplinary rule); *see also In re Aranda*, 789 F.3d 48, 52-53 (2d Cir. 2015) (stating that conduct in another court may be considered when relevant to whether there is a pattern of misconduct, or to whether the attorney will be able to conform his future conduct in this Court to expected professional norms).

The Clerk of Court is directed to release this decision to the public by posting it on this Court's website and providing copies to the public in the same manner as all other unpublished decisions of this Court, and to serve a copy of this order on Stafford, the disciplinary committees for the New York State Appellate Division, First Department, and the United States District Courts for the Eastern and Southern

---

documents to give the client the false impression that a contested litigation was in progress."); *In re Siegel*, 193 A.D.2d 181, 185 (1st Dep't 1993) ("[I]n cases where the neglect has been combined with misrepresentation of the status of the case to the client . . . , the term of suspension has generally been longer than one year."); *see also* ABA Standards for Imposing Lawyer Sanctions § 4.62 (1986, amended 1992) ("Suspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client.").

[2] We do not suggest that another court's disciplinary measures can never be treated as a mitigating factor. There may be cases where, for example, another court's disciplinary measures fully serve this Court's disciplinary interests.

Districts of New York, and all other courts and jurisdictions to which this Court distributes disciplinary decisions in the ordinary course.[3]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] The record in this proceeding is sealed. However, counsel to this panel is authorized to provide to other courts and attorney disciplinary authorities, upon their request, all documents from the record of this proceeding. While we request that those documents remain confidential to the extent circumstances allow, we leave to the discretion of those courts and disciplinary authorities the decision of whether specific documents, or portions of documents, should be made available to any person or the public.