Matter of Stafford (2025 NY Slip Op 02648)

Matter of Stafford

2025 NY Slip Op 02648

Decided on May 01, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Sallie Manzanet-Daniels Justice Presiding
Cynthia S. Kern Lizbeth González John R. Higgitt LlinÉt M. Rosado
Justices.

Motion No. 2024-05985|Case No. 2024-07367|

[*1]In the Matter of Ying Stafford an Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Ying Stafford (OCA Atty Reg. 4281754), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Ying Stafford, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on December 13, 2004.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Diana Neyman, of counsel), for petitioner
Deborah A. Scalise, Esq., for respondent.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Ying Stafford, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on December 13, 2004.
Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Diana Neyman, of counsel), for petitioner
Deborah A. Scalise, Esq., for respondent.
Motion No. 2024-05985 — January 13, 2025
In the Matter of Ying Stafford, an attorney
Per Curiam Respondent Ying Stafford was admitted to the practice of law in the State of New York by the First Judicial Department on December 13, 2004. This Court maintains continuing jurisdiction over respondent by virtue of her admission in the First Judicial Department (Rules for Attorney Disciplinary Matter 22 NYCRR 1240.7 [a] [2]). Respondent was also admitted in the Eastern District of New York (Eastern District) on August 1, 2006, the Southern District of New York (Southern District) on August 2, 2006, and the United States Court of Appeals for the Second Circuit (Second Circuit) on February 19, 2013.
Respondent, whose career focused on capital defense litigation, ran a solo practice, taking on assigned counsel work, until she started working as an associate attorney for George Robert Goltzer, Esq. in 2018. This matter stems from respondent's representation of John Burke—an alleged hitman for John Gotti, Jr., a member of the Gambino crime family—in his underlying criminal matter in the Eastern District (United States v Burke [ED NY Case No. 09-CR-135]) and his appeal to the Second Circuit, which affirmed his conviction (United States v Burke, 552 Fed Appx 60 [2d Cir 2014]). Burke was convicted of racketeering conspiracy, murder in aid of racketeering, murder in connection with a continuing criminal enterprise, and use of a firearm in relation to a crime of violence, for which he received multiple life sentences.
After the Second Circuit issued its decision affirming Burke's conviction, respondent drafted a petition for certiorari to file in the Supreme Court of the United States. However, she mistakenly calculated the deadline based on the date that the court issued its decision, rather than the date of the judgment. Respondent eventually realized her mistake and sent Burke what she claimed was the Supreme Court's denial of the petition but was in reality a forgery with a false docket number. Respondent explained that she did so because "she was terrified and feared retribution from Burke if he discovered that she had missed the certiorari deadline." She was also dealing with significant personal issues at the time of her misconduct. She was the sole supporter of her family after her husband lost his job in 2010. Her parents had moved in with her due to their loss of employment, and her father later abandoned the family. Her sister, who was suffering from opioid addiction, had moved in with her as [*2]well. As a result, she was not only raising her own children, who have disabilities, but her nephew as well. Additionally, in 2015, due to financial pressure, the bank foreclosed on her home.
On July 9, 2019, the Second Circuit ordered respondent to show cause why disciplinary or other corrective measures should not be imposed due to her misconduct and barred her from appearing before the court or otherwise representing any party in the court until further order. By order dated November 6, 2019, the Second Circuit referred respondent to its Committee on Admissions and Grievances (the Second Circuit Committee) for investigation of her misconduct and preparation of a report, ordered her to refrain from appearing or otherwise representing any party in the court, and directed that copies of the court's order be served on the disciplinary committees of this Court, the Eastern District, and the Southern District. In respondent's declaration to the Second Circuit Committee on August 7, 2019, she stated that she could "neither dispute nor defend the allegations," and in her personal statement to the committee dated January 10, 2022, she further stated that she did not contest the alleged facts and that she was "very sorry for [her] conduct and accept[ed] responsibility for it."
In its May 2023 report and recommendation—after respondent was heard at a hearing on April 21, 2023, with several witnesses testifying on her behalf—the Second Circuit Committee found that there was "clear and convincing evidence that [respondent] committed misconduct by failing to file a petition for writ of certiorari on Burke's behalf and by providing him forged documents purportedly from the Supreme Court and this Court stating that the Supreme Court had denied his certiorari petition." The committee found that her misconduct was "unbecoming of a member of the bar" (Fed Rules App Pro rule 46 [c]) and was in violation of the Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.3 [b]) and an attorney's fundamental duty of candor. The committee determined that sanctions were warranted.
The Second Circuit Committee ultimately recommended a two-year suspension, imposed nunc pro tunc to the Second Circuit's July 9, 2019 order, and ordered that respondent be permitted to resume practicing before the court, pointing to "significant mitigating factors." The committee noted that respondent had "no prior disciplinary history;" her misconduct appeared to have been an aberration, as evidenced by character letters and testimony presented on her behalf; and "[h]er misconduct was not the result of a dishonest or selfish motive." "Instead, her misconduct appear[ed] to be the result of a misunderstanding of the law during her first federal appeal . . . followed by genuine and rational fear that Burke would retaliate against her for her mistake," the committee stated. Additionally, the committee noted the "serious personal problems" that respondent was experiencing at the time of her [*3]misconduct. Along with the family and financial pressures that respondent was enduring, she was also allegedly sexually assaulted while working on Burke's appeal. The committee further noted that respondent had already been subject to penalties or sanctions due to her misconduct, including a two-year suspension in the Eastern District;[FN1] had been forthcoming and cooperative with the committee's investigation; admitted to the misconduct and showed sincere remorse, which the committee found credible; and has taken steps in both her personal and professional life to prevent future misconduct. Lastly, the committee noted that respondent's misconduct did not prejudice Burke, as the evidence against him at trial was overwhelming and his claims on appeal lacked credibility.
By order dated October 22, 2024, the Second Circuit approved the Second Circuit Committee's recommendation that respondent be disciplined by a two-year suspension, with the suspension commencing nunc pro tunc to July 9, 2019. The Second Circuit delayed the issuance of its October 22, 2024 order as a result of the COVID-19 pandemic. Respondent notified the Attorney Grievance Committee (AGC) of the Second Circuit's order, as required by 22 NYCRR 1240.13 (d), on November 6, 2024.
The AGC now seeks an order pursuant to the doctrine of reciprocal discipline, as set forth in 22 NYCRR 1240.13 and Judiciary Law § 90 (2), disciplining respondent, predicated upon the discipline imposed by the Second Circuit, and directing her to demonstrate to this Court, pursuant to 22 NYCRR 1240.13 (a) and (b), why discipline should not be imposed for the underlying misconduct, in the form of a reciprocal two- year suspension or, in the alternative, sanctioning respondent as this Court deems just and proper under the circumstances.
"In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice and opportunity to be heard in the foreign jurisdiction; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York" (Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]). None of the enumerated defenses can prevail here. First, respondent was given proper notice and had an opportunity to answer the allegations in the Second Circuit, as evidenced by the Second Circuit Committee's report and recommendation, the hearing held there, and the declaration and personal statement that respondent submitted in connection with the committee's investigation. Second, the "infirmity of proof" cannot prevail either, as respondent admitted to the misconduct in her declaration and personal statement to the committee and such admission is supported by the forged document that she admitted to authoring. Third, respondent's misconduct at issue before the Second Circuit constitutes misconduct in New York. Specifically, respondent violated Rules of Professional [*4]Conduct (22 NYCRR 1200.0) rules 1.1 (a) and 1.3 (a) and (b) when, as she admitted, she failed to provide competent representation to Burke and failed to file the petition for certiorari in a timely manner. Additionally, respondent violated Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.4 (b), (c), (d), and (h) when she intentionally misrepresented the outcome of the certiorari petition and made the forged order. Accordingly, because no defense can prevail, the imposition of reciprocal discipline is appropriate and the only issue that remains is what sanction to impose.
In reciprocal disciplinary proceedings, this Court's general rule is that "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018], citing Matter of Jaffe, 78 AD3d 152 [1st Dept 2010]). "Only in rare instances will this Court depart from its general rule" (Matter of Tustaniwsky, 204 AD3d 162, 165 [1st Dept 2022]). Thus, a two-year suspension, as requested by the AGC, is the appropriate sanction, as it is commensurate with the discipline imposed by both the Second Circuit and the Eastern District. Additionally, such a sanction generally accords with this Court's precedent in attorney disciplinary matters involving similar misconduct (see Matter of Meyers, 108 AD3d 158, 160 [1st Dept 2013] ["In cases . . . where the neglect has been coupled with misrepresentation of the status of the case to the client, the term of suspension has generally been two years"]; Matter of Samuely, 80 AD3d 163 [1st Dept 2010]; Matter of Alperin, 66 AD3d 309 [1st Dept 2009]; Matter of Cohen, 40 AD3d 61 [1st Dept 2007]; Matter of O'Shea, 25 AD3d 203 [1st Dept 2005]).
However, we grant respondent's request to the extent of imposing the sanction nunc pro tunc to November 6, 2019, the date on which the Second Circuit issued its interim suspension of respondent and directed that its order be served on this Court's disciplinary committee. Granting this request is warranted for the following reasons: (1) the AGC was on notice of respondent's misconduct since at least 2019 but did not take any action on this matter until December 4, 2024, despite respondent admitting to her misconduct early on and apprising the AGC of all developments in all jurisdictions; (2) respondent is eligible to apply for reinstatement in the Second Circuit and Eastern District, as her suspensions in both jurisdictions have ended, and thus to suspend respondent prospectively here would not be equitable or just; and (3) imposing respondent's sanction nunc pro tunc is in line with this Court's precedent in cases where, as here, an attorney voluntarily ceased practicing law in anticipation of future discipline (see Matter of Peters, 127 AD3d 103 [1st Dept 2015]; Matter of Filosa, 112 AD3d 162 [1st Dept 2013]; Matter of Gilly, 110 AD3d [*5]164 [1st Dept 2013]).
Accordingly, the AGC's motion should be granted and respondent suspended from the practice of law for a period of two years, nunc pro tunc to November 6, 2019, and until further order of this court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, is granted, and respondent Ying Stafford is suspended from the practice of law in the State of New York for a period of two years, nunc pro tunc to November 6, 2019, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Ying Stafford, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Ying Stafford, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Ying Stafford, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: May 1, 2025

Footnotes

Footnote 1: Based on the Second Circuit's July 9, 2019 order, the Eastern District initiated its own disciplinary proceedings against respondent and, by order dated January 5, 2023, suspended her for two years, with the suspension commencing on the date that the order was issued. Respondent notified the AGC of the Eastern District's order on January 12, 2023. The Grievance Committee for the Southern District of New York deferred acting on the matter pending the outcome of respondent's motion for modification to the Eastern District and any actions arising therefrom. To date, the Eastern District has not ruled on respondent's motion and, upon information and belief, the Southern District has not taken further action.