[611 NYS2d 857]

In the Matter of Sunao T.A. Yamada, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, May 12, 1994

## APPEARANCES OF COUNSEL

*George A. Zimmerman (Hal R. Lieberman,* attorney), for petitioner.

*Frederick P. Hafetz* of counsel *(Goldman & Hafetz,* attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law in New

York by the First Judicial Department on December 11, 1961. At all times relevant herein, he has maintained an office for the practice of law within the First Judicial Department.

On or about February 5, 1992, the respondent was served with a notice and statement of charges alleging that he had engaged in professional misconduct during the course of his representation of Tsuneo Numakura, the owner of several restaurants. Specifically, the respondent was charged with violating Code of Professional Responsibility DR 1-102 (A) (4), (5) and (6); DR 5-105 (A) and (B); DR 7-102 (A) (7) and (8); and DR 9-102 (A) by, *inter alia,* assisting his client in a criminal evasion of Federal income taxes and by representing clients with conflicting interests without making the requisite disclosure or obtaining the necessary consents.

At a hearing, the evidence revealed that Numakura became a client of the respondent in 1970. In December of 1982, the respondent learned that three banks in which Numakura had funds had been subpoenaed. Numakura informed him that he had been "skimming" proceeds from his business and depositing them in his personal accounts for 10 years, without reporting the income, which exceeded one million dollars, to tax authorities.

After an associate of the respondent's advised Numakura that it was unlikely that he would be extradited from Japan where he had maintained his citizenship, Numakura informed the respondent that he would return to Japan. He prepared a list of his properties in the United States and asked the respondent to sell them and remit the proceeds to him in Japan. Numakura and his wife executed powers of attorney and corporate stock transfers in the respondent's favor.

At the hearing, the respondent did not dispute that the purpose behind Numakura's request that the respondent sell his assets quickly was to prevent the Internal Revenue Service (IRS) from seizing the property. The respondent alleged, however, that he believed the sales were permissible since no restrictions had been placed on Numakura's ability to transfer assets.

Following Numakura's departure to Japan, the respondent attempted to sell one of his buildings. When a buyer could not be found, the respondent purchased the building himself and transferred the money to Numakura in Japan. He then wrote to Numakura and advised him that unless he transferred his interest in his restaurants, the Government would seize them.

The respondent thereafter transferred Numakura's interest in various properties, some to himself, and remitted the proceeds to Japan.

The respondent also agreed to sell a trailer home Numakura owned in New Jersey, and, after retaining New Jersey counsel, attended the closing as attorney-in-fact. The buyer's check was made payable to the respondent who in turn wired the money to Japan. The respondent indicated that at the time of the closing, he knew that if he deposited the money in Numakura's bank account, the bank would not have released the funds.

The respondent then arranged for another one of his clients to purchase Numakura's apartment in Manhattan. He appeared as attorney-in-fact for the Numakuras but contended that he did not represent the other client who appeared without counsel despite having only been in this country a short time. The respondent conceded, however, that he drafted the contract of sale and answered this individual's questions concerning the contract, and that he did not obtain Numakura's consent to represent the other client in the same transaction.

Prior to the closing, the respondent received a "Notice of Termination Assessment of Income Tax" in which the IRS informed him that it found that the Numakuras left the United States and transferred their assets rendering ineffective any collection of income tax. It then placed a lien on the Manhattan apartment which the respondent satisfied. He transferred the proceeds in excess of the lien to Numakura in Japan.

The respondent maintained that he did not act as Numakura's attorney after he left for Japan. However, after letters written on his law firm's stationery containing the statement "we represent Mr. Tsuneo Numakura" were introduced, the respondent conceded that he represented Numakura until April 14, 1983.

Based on the evidence presented, the Hearing Panel sustained charges one, three and four and concluded that the respondent violated DR 7-102 (A) (7) and DR 5-105. Count one alleged that the respondent assisted his client in secreting assets from the IRS. Count three alleged that he assisted his client in the sale of the trailer home and surreptitiously directed funds from this sale away from the IRS, to his client. The Hearing Panel concluded that the respondent exceeded

the bounds of zealous advocacy and actively assisted his client's illegal conduct in evading the payment of income taxes in violation of 26 USC § 7201. Further, rather than merely liquidating Numakura's assets, the Hearing Panel found that properties were conveyed to the respondent followed by a transfer of the proceeds to Numakura in Japan. This constituted an unlawful fraudulent conveyance pursuant to Debtor and Creditor Law § 276. Count four pertained to the Manhattan apartment transaction and alleged that the respondent represented multiple clients with differing interests.

The Hearing Panel recommended that the respondent be suspended from the practice of law for three years. By petition dated December 16, 1993, the Departmental Disciplinary Committee (DDC) seeks an order confirming the Hearing Panel's report and imposing the recommended sanction. By cross motion dated December 16, 1993, the respondent seeks an order disaffirming the findings and recommendation of the Hearing Panel, dismissing all charges against him and imposing no sanction. In the alternative, the respondent requests that this Court impose the sanction of censure.

The respondent maintains that Special Trial Counsel failed to prove that he assisted Numakura in conduct which he knew was illegal since the evidence failed to support the conclusion that Numakura prevented the collection of a tax determined to be due and owing to the IRS. Even if Numakura's actions constituted a crime, the respondent contends that the evidence failed to support a finding that he knowingly assisted in this unlawful conduct or in conduct which he knew was fraudulent. With regard to the conflict of interest charge, the respondent contends that the evidence failed to establish that he represented his other client at any time prior to the closing on the Manhattan apartment. He additionally asserts that the recommended sanction of a three-year suspension is not warranted since he believed that his conduct was legal and since he has an unblemished 30-year record as an attorney.

The evidence presented to the Hearing Panel supports the Panel's findings and conclusion that the respondent is guilty of professional misconduct. The Court has considered the fact that the respondent is 69 years of age, his otherwise unblemished record and that he was apparently acting out of misguided loyalty to his client and friend as mitigating factors. Nevertheless, we agree that the recommended sanction of

suspension from the practice of law for a period of three years is appropriate under the circumstances.

Accordingly, the petition of the DDC to confirm the Hearing Panel's report should be granted, the respondent's cross motion to disaffirm the report should be denied and the respondent should be suspended from the practice of law for a period of three years, effective 30 days from the date of this order.

SULLIVAN, J. P., CARRO, ROSENBERGER, WALLACH and RUBIN, JJ., concur.

Application granted, the report of the Hearing Panel confirmed, and respondent suspended from the practice of law for a period of three years, effective June 13, 1994, and until the further order of this Court, and the cross motion to disaffirm, or for other relief, is denied.