[906 NYS2d 559]

In the Matter of Franklin W. Topal (Admitted as Franklin Wayne Topal), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, August 24, 2010

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner.

*Franklin W. Topal*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Franklin W. Topal[1] was admitted to the practice of law in the State of New York by the Second Judicial Department on March 1, 1989 as Franklin Wayne Topal. At all times relevant to this proceeding, he listed his business address with the Office of Court Administration (OCA) within this Department.[2] Respondent is delinquent in his attorney registration for the 2009-2010 biennial period.

In February 2009, the Disciplinary Committee filed formal charges against respondent based on five clients' complaints alleging 26 violations of the Code of Professional Responsibility: DR 1-102 (a) (4) (10 counts), (5) (five counts), and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]), DR 2-106 (d) (22 NYCRR 1200.11 [d]) (two counts), DR 2-110 (a) (2) (22 NYCRR 1200.15 [a] [2]), DR 5-105 (a) (22 NYCRR 1200.24 [a]), DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]) (five counts), and DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]), by, inter alia, engaging in a pattern of neglect involving five personal injury matters over a 10-year period, deceiving clients and the Committee to conceal his neglect, falsely promising clients that he would work on their cases and failing to file written retainer statements with OCA. Respondent did not formally answer the charges, but admitted the charges at the hearing.

The Referee held a hearing and by a report dated July 10, 2009, sustained all charges and recommended a four-year suspension. A Hearing Panel confirmed the Referee's report in its entirety. The Committee seeks an order confirming the findings of fact, conclusions of law, and recommendations of the Referee and Hearing Panel that respondent be suspended for four years.

The Referee's and Panel's findings of fact and conclusions of law are confirmed. Respondent has admitted to the misconduct.

---

1. Respondent pro se has not appeared in this action.

2. Respondent informed the Disciplinary Committee that he has been practicing law from his Suffern home since closing his business office in or about October 2007.

With respect to the sanction, respondent has indicated his embarrassment regarding his misconduct and has not attempted to justify his neglect or offer any evidence in mitigation.

Respondent's long-term pattern of misconduct in neglecting five personal injury matters resulting in the loss of three clients' claims to the applicable statute of limitations, lying to clients and the Committee to conceal his neglect, and failing to fully cooperate with the Committee, combined with the absence of any mitigating factors other than the lack of prior discipline, warrants a substantial suspension which is longer than the norm of six months to three years in cases of multiple neglect (*compare Matter of Alperin*, 66 AD3d 309 [2009] [two-year suspension for neglect of five matters aggravated by deception to conceal the neglect, with no prior disciplinary history]; *Matter of O'Shea*, 25 AD3d 203 [2005] [two-year suspension for neglect of four matters, misrepresentations to clients, good reputation, psychological problems, and one prior admonition]; *Matter of Gill*, 225 AD2d 170 [1996] [three-year suspension for neglect of two matters, repeated misrepresentations to clients, and creation of fictitious litigation papers]).

We conclude that a four-year suspension is warranted.

Accordingly, the Committee's petition is granted to the extent of confirming the findings of fact and conclusions of law of the Hearing Panel, and respondent is suspended from the practice of law for a period of four years and until further order of this Court.

MAZZARELLI, J.P., SAXE, NARDELLI, ABDUS-SALAAM and ROMÁN, JJ., concur.

Respondent suspended from practice as an attorney and counselor-at-law in the State of New York for a period of four years, effective September 24, 2010, and until further order of this Court.