[66 NYS3d 14]

In the Matter of CARLOS MORENO, a Suspended Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 30, 2017

52

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Remi E. Shea* of counsel), for petitioner.

*Carlos Moreno,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Carlos Moreno was admitted to the practice of law in the State of New York by the First Judicial Department on April 13, 1992. At all time relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.

In November 2016, the Attorney Grievance Committee (the Committee) brought 20 charges against respondent, stemming from its investigation of notices from the Lawyers' Fund for Client Protection that a check and an electronic debit drawn against respondent's IOLA account were dishonored due to insufficient funds. As part of its investigation, the Committee repeatedly requested that respondent produce his personal and business income tax returns for the 2010 through 2013 tax years and also served him with a judicial subpoena directing him to produce them. He failed to produce the requested documents. As a result, this Court granted the Committee's motion for respondent's interim suspension (149 AD3d 65 [1st Dept 2017]).

Respondent did not file an answer to the charges. He appeared at a hearing held in February 2017 and testified, but did not produce other witnesses or any exhibits. Following the hearing, the Referee sustained all 20 charges, finding, in summary, that respondent had failed to pay $48,284.42 in child support and failed to turn over his tax returns as requested, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d) and (h); misused his IOLA account in violation of rule 1.15 (a), (b) (1); (d) (2), and (e); and shown incompetence and a lack of candor in three client matters in violation of rules 1.1 (a); 1.3 (a) and (b); 1.8 (e), and 8.4 (c). His misconduct in regard to client matters resulted in one client being barred from pursuing a claim against the City of New York and the New York City Police Department; another client being barred from pursuing a discrimination claim against his employer; and a third losing her right to appeal from termination of her parental rights, leading to the adoption of her child.

The Referee found that respondent offered no mitigation, showed no remorse and offered no assurance that he intended to make any effort to improve his legal practice.

As a sanction, the Referee recommended that respondent be suspended from the practice of law for four years, and "be required to retake the New York Bar examination as part of any reapplication to practice law in New York," noting that "[r]espondent has demonstrated a frightful lack of knowledge of New York practice and law."

The Committee asks that this Court affirm the report's findings and sanction recommendation in full.

The Referee's findings are amply supported by the record, and we affirm them. The Referee's sanction recommendation of a four-year suspension nunc pro tunc to the date of respondent's interim suspension (Mar. 9, 2017) is also appropriate (*see Matter of Topal*, 77 AD3d 152 [1st Dept 2010]). Not only did respondent neglect and mishandle three client matters, but he made misrepresentations to his clients to conceal his misconduct, failed to cooperate with the Committee's investigation, misused his IOLA account by, inter alia, misappropriating two clients' filing fees, and he has failed to meet his child support obligations for five years. Respondent's lack of remorse and failure to present any evidence in favor of mitigation warrant a four-year suspension.

We decline to grant the Committee's request that his reinstatement be conditioned upon his retaking and passing the New York State bar examination.

Accordingly, the Committee's motion should be granted to the extent of affirming the Referee's findings of fact and conclusions of law and respondent should be suspended from the practice of law in the State of New York for four years nunc pro tunc to March 9, 2017, and until further order of this Court.

SWEENY, J.P., RENWICK, ANDRIAS, KAHN and GESMER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, for a period of four years nunc pro tunc to March 9, 2017.