Matter of Kvam (2023 NY Slip Op 02386)

Matter of Kvam

2023 NY Slip Op 02386

Decided on May 04, 2023

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
David Friedman
Peter H. Moulton
Saliann Scarpulla
John R. Higgitt, JJ.

Motion No. 2023-00882 Case No. 2023-00921 

[*1]In the Matter of Erik W. Kvam (Admitted as Erik Ward Kvam), an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Erik W. Kvam (OCA ATTY. REG. NO. 1971977), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on February 4, 1985.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Louis J. Bara, of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent Erik W. Kvam was admitted to the practice of law in the State of New York by the First Judicial Department on February 4, 1985, under the name Erik Ward Kvam. Respondent maintains a registered business address in Hawaii, where he is admitted. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
By order entered January 17, 2023, the Supreme Court of Hawaii suspended respondent from the practice of law for a period of two years, effective February 16, 2023, for charging a corporate client an unreasonable fee, failing to consult with the client before paying one of the client's employees a $10,000 commission for assistance in securing the representation, drafting an indemnity agreement for this employee contrary to the interests of the client, and dishonesty related thereto.
Now, by motion dated February 17, 2023, the Attorney Grievance Committee (AGC) seeks an order, pursuant to Judiciary Law § 90(2) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, and the doctrine of reciprocal discipline, (1) disciplining respondent predicated upon discipline imposed by the Supreme Court of Hawaii, and directing him to demonstrate to this Court, pursuant to 22 NYCRR 1240.13(a) and (b), why discipline should not be imposed for the underlying misconduct, in the form of a reciprocal two-year suspension, or, in the alternative, sanctioning respondent as this Court deems just and proper under the circumstances. Respondent appears pro se and opposes the motion.
In February 2020, the Office of Disciplinary Counsel for the Disciplinary Board of the Hawaii Supreme Court (ODC) filed a petition for discipline charging respondent with professional misconduct in connection with his representation of a corporate client.
In June 2021, a six-day hearing was held before a Hearing Officer at which respondent proceeded pro se. The relevant facts are as follows: in or about January 2010, respondent was retained by the corporate client following his discussions with the client's employee (the employee), who at all relevant times was the only individual from the client with whom respondent communicated regarding the representation, which lasted until approximately April 2010. All of the client's officers were natives of Japan and were not fluent in English, although the employee's English fluency was "good to very good." The employee induced the client's Chief Operating Officer to sign the retainer agreement with respondent, which specified the scope of respondent's representation but the provisions addressing the fee(s) to be charged for the agreed upon work were left open and blank.
In January 2010, respondent sent the client an invoice reflecting 59.75 hours of work billed at an hourly rate of $1,000 (which exceeded the rate he charged [*2]other clients and the common hourly rates for law firm partners in Hawaii, which in 2009-10 ranged from $275 to $650 per hour). On January 25, 2010, the client paid respondent's invoice for a total of $62,239. Respondent and the employee had agreed that respondent would receive a total legal fee of $100,000 from the client out of which respondent would pay the employee a $10,000 "commission" (i.e., a kickback), which respondent paid to the employee in or about February 2010 out of the $62,239 legal fee he received from the client.
On or about February 14, 2010, respondent submitted a second invoice to the client for 37 hours of work again billed at an hourly rate of $1,000 for a total of $40,148. After respondent submitted this invoice, the client began to take issue with the amounts charged. In March 2010, respondent revised the invoice so that it reflected a reduced hourly rate of $250. In April 2010, after a further revision, the client paid respondent $6,803.
During his representation of the client, respondent, at the request of the employee and without disclosure to and approval by the client, prepared a broad indemnification agreement (in English) naming the employee as the indemnitee and the client as the indemnitor. The employee secured the signature of the client's Chief Operating Officer on the agreement. Respondent charged the client for the time he spent preparing the indemnification agreement.
Between 2014 and 2016, the client commenced multiple legal proceedings against the employee and others alleging malfeasance, including the actions described above. The client obtained an arbitration award and civil judgment against the employee for over $30 million, of which $129,325 in damages was found attributable to the scheme the employee carried out with respondent. In 2016, respondent appeared for a civil deposition in connection with the aforementioned arbitration/litigation during which he testified, inter alia, that he did not recall billing the client at the rate of $1,000 per hour, the employee asking him for the $10,000 kickback, or the previously discussed indemnification agreement.
By September 22, 2021 report, the Hearing Officer found that the ODC had proven by clear and convincing evidence that respondent had engaged in professional misconduct. The Hearing Officer cited the fact that in his answer to the ODC's petition of charges and in his testimony at the hearing thereon respondent addressed in detail the areas respondent could not "recall" at his deposition. The Hearing Officer found that respondent's inconsistency evidenced dishonesty on respondent's part, as did his payment of the unauthorized $10,000 commission to the employee. The Hearing Officer found that respondent violated the Hawaii Rules of Professional Conduct (HRPC) rules 1.5(a) (charging an unreasonable fee); 1.5(b) (failure to communicate to a new client the basis or rate of fee, preferably in writing, before or within a reasonable time of commencing the [*3]representation); 1.13(b) (if the lawyer for an organization knows that an employee thereof is engaged in action, intends to act, or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of the law, which reasonably might be imputed to the organization, and is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization); 1.7(a), 1.7(b), 1.13(b), 1.13(e), and 1.13(g) (conflict of interest - dual representation of an organization and employee thereof without obtaining informed consent from the organization); and 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation).
On the issue of sanction, the Hearing Officer found that respondent knowingly and intentionally engaged in the misconduct at issue, which resulted in harm to the client, and that such was aggravated by dishonest or selfish motive, multiple offenses, and refusal to acknowledge the wrongful nature of his conduct. Nevertheless, the Hearing Officer also found mitigating factors, namely, no prior discipline and a cooperative attitude toward the proceeding. The Hearing Officer recommended that respondent be suspended for a period of three years.
In February 2022, the Disciplinary Board of the Hawaii Supreme Court (HDB) heard oral argument and reviewed the Hearing Officer's report and the record. By March 1 and June 8, 2022 decisions, the HDB adopted the Hearing Officer's findings of fact and conclusions of law but recommended that respondent be disbarred.
By an order dated January 17, 2023, the Hawaii Supreme Court adopted the misconduct findings of the Hearing Officer and the HDB, in part, finding that respondent had violated HRPC rules 1.5(a), 1.5(b), 1.13(b), 1.13(e), and 8.4(c). The court also found that respondent had violated HRPC rule 7.2 (prohibiting a lawyer from giving anything of value to a person for recommending the lawyer's services), which violation was charged but not opined upon by the Hearing Officer or the HDB. As to sanction, the court did not agree with the HDB that disbarment was warranted and instead imposed a two-year suspension, effective February 16, 2023.
Respondent promptly reported his discipline in Hawaii to the AGC.
In a proceeding seeking reciprocal discipline, as here, pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]). The AGC argues that none of the enumerated defenses apply because respondent received notice of the charges against him and he answered and defended against them[*4]; the record fully supports the misconduct findings made against him; and the misconduct for which he was disciplined in Hawaii also constitutes misconduct in New York. The AGC argues further that a two-year suspension is the appropriate sanction.
By March 9, 2023 affirmation, respondent, pro se, asserts the affirmative defenses of lack due process and infirmity of proof in the Hawaii disciplinary proceeding. Respondent maintains that he never knowingly and intentionally acted against the client's interests. In support, respondent asserts that two of the company's officers, with the employee's assistance, were allegedly committing frauds and crimes against the client, that they concealed this activity from respondent during his representation, and that the Hawaii Supreme Court failed to consider evidence of this activity. Thus, he argues that "[t]he Court pre-judged the facts and law in this matter and deprived [him] of due process because the Court weighed and considered only its inculpatory inferences from the [] events [at issue], and did not weigh or consider any of the unimpeached exculpatory evidence and undisputed material facts...." He requests that no reciprocal discipline be imposed. The AGC has not replied.
The AGC's motion should be granted. Notwithstanding respondent's position, none of the defenses are available to him because: he received notice of the charges and contested them via his full participation in the disciplinary proceeding, which included submitting an answer and supplemental answer, testifying before the Hearing Officer, and oral argument before the HDB; the record amply supports the Hawaii Supreme Court's misconduct findings; and the misconduct for which he was disciplined in Hawaii constitutes misconduct in New York in violation of the Rules of Professional Conduct (22 NYCRR 1200.00) rules 1.5(a), 1.5(b), 1.13(b), 7.2(a), and 8.4(c).
With respect to the appropriate sanction to be imposed, as a general rule this Court defers to the sanction imposed by the jurisdiction in which the charges were originally brought because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct (see Matter of Milara, 194 AD3d at 111; Matter of Tabacco, 171 AD3d 163, 165 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]). Only rarely does this Court depart from the general rule (see Matter of Karambelas, 203 AD3d 75, 80-85 [1st Dept 2022]; Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]).
We find that a two-year suspension is the appropriate sanction herein as such is commensurate with the discipline imposed in Hawaii and is in general accord with precedent involving arguably comparable misconduct for which suspensions have ranged between two and three years (see e.g. Matter of Faillace, 208 AD3d 77 [1st Dept 2022]; Matter of Kachroo, 180 AD3d 183 [1st Dept 2020], lv denied 35 NY3d 917 [2020]; Matter of Larsen, 50 AD3d 41 [1st Dept 2008]; Matter of Thrasher, 308 AD2d 160 [1st [*5]Dept 2003]; Matter of Agulnick, 263 AD2d 239 [1st Dept 1999]; Matter of Yamada, 197 AD2d 235 [1st Dept 1994], lv denied 83 NY2d 761 [1994]).
Accordingly, the AGC's motion should be granted and respondent is suspended from the practice of law in the State of New York for a period of two years, and until further order of this Court.
All concur.
It is Ordered that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, is granted, and respondent Erik W. Kvam, admitted as Erik Ward Kvam, is suspended from the practice of law in the State of New York for a period of two years, and until further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent Erik W. Kvam, admitted as Erik Ward Kvam, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Erik W. Kvam, admitted as Erik Ward Kvam, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent Erik W. Kvam, admitted as Erik Ward Kvam, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Entered: May 4, 2023