Matter of Geller (2023 NY Slip Op 04414)

Matter of Geller

2023 NY Slip Op 04414

Decided on August 24, 2023

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 24, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Sallie Manzanet-Daniels
Justice Presiding
David Friedman Peter H. Moulton Manuel Mendez Bahaati E. Pitt-Burke
Justices.

Motion No. 2023-02070 Case No. 2023-02196 

[*1]In the Matter of Edward B. Geller, An Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Edward B. Geller, (OCA Atty. Reg. No. 1665736.), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Edward B. Geller, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on February 25, 1980.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Naomi F. Goldstein, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent Edward B. Geller was admitted to the practice of law in the State of New York by the First Judicial Department on February 25, 1980. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.
The Attorney Grievance Committee (AGC) seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13, imposing reciprocal discipline on respondent, predicated upon discipline imposed upon him by the United States District Court, Eastern District of New York (EDNY). The EDNY suspended respondent from practice for three years.
On February 4, 2020, the EDNY's Committee on Grievances (COG) issued an Order to Show Cause and Statement of Charges (OSC) alleging violations of the following New York Rules of Professional Conduct (22 NYCRR 1200.0): rule 1.3; rule 1.4(a); rule 3.1(a); rule 3.2; rule 8.4(a); rule 8.4(d) and rule 8.4(h). These alleged violations related to respondent's representation of plaintiffs in actions involving the Fair Debt Collection Practices Act (FDCPA). At all relevant times, respondent was "of counsel" to the law firm of M. Harvey Rephen & Associates, P.C. (Firm). The COG explained that the FDCPA claims brought by respondent arose from a process whereby a third party "credit repair specialist" would call a collection agency on behalf of a potential plaintiff and ask leading questions, all to elicit technical violations of the FDCPA. The caller would surreptitiously record the conversation and send the recording to the Firm, which would then file a lawsuit against the collection agency, seeking damages based on alleged violations of the FDCPA. Respondent, as attorney of record, would offer to settle the matter. If the collection agency was unwilling to settle, respondent would then claim that the witness was no longer available and would offer to dismiss the action as long as the defendant did not demand costs and fees.
The COG commented that respondent:
"has a pattern and practice of commencing meritless FDCPA lawsuits in the Eastern and Southern Districts of New York. [Respondent] has been admonished by several Judges in the Eastern District for his lack of diligence . . ., and for advancing frivolous arguments in motion practice . . . He has been suspected of commencing meritless FDCPA lawsuits for the sole purpose of obtaining 'nuisance-value settlements" . . . and has been the subject [*2]of several sanctions motions."
On June 25, 2021, the COG issued an order, finding "by clear and convincing evidence" that respondent had committed all of the violations with which he was charged. After consideration of the record and respondent's submissions, it determined that "respondent's answer raises no issue requiring an evidentiary hearing . . . as the facts in the record underlying the [COG's] findings are not in dispute."
In his response contesting the findings of misconduct, respondent maintained that he acted in good faith at all times, apologized for any oversights or inaction on his part, and raised factors in mitigation, including his age and the lack of discipline over a career of more than 40 years. Respondent asked the court to consider that he had been working as "Of Counsel to the Firm" and that he had apologized to the Bar and had admitted some non venal mistakes.
On December 9, 2022, the EDNY issued an order suspending respondent from the practice of law for three years for his misconduct. The court dismissed the "of counsel" argument, noting that respondent was the attorney of record on all the "credit repair specialist" cases identified in the charges. The court found that respondent routinely allowed cases to languish after filing, disregarded court orders and deadlines, and generally had little contact with clients. In the worst case, the client had no idea that an action was brought in her name. The court found little in mitigation, concluding that respondent engaged in a pattern of neglect and his conduct was not aberrational or attributable to inexperience in light of his high-volume practice. The court also found it "troubling that the respondent largely denies the charges and seeks to deflect blame for his conduct." Although it considered disbarment given the extent of misconduct, the court cited to Appellate Division cases and determined that a three-year suspension was the appropriate sanction (see Matter of Savitt, 170 AD3d 24 [1st Dept 2019], appeal dismissed 33 NY3d 1118 [2019]; Matter of Moreno, 156 AD3d 51 [1st Dept 2017]; Matter of Davey, 111 AD3d 207 [1st Dept 2013]).
The AGC now moves for reciprocal discipline, maintaining that the prerequisites for reciprocal discipline have been satisfied because respondent received sufficient due process in the EDNY proceeding, the record included sufficient evidence of professional misconduct on his part, and the misconduct at issue would constitute misconduct in New York. As to sanction, the AGC asserts that the relevant precedent supports the imposition of a suspension. Respondent has not submitted a response to the AGC's motion.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, a respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct at issue in the foreign jurisdiction would not constitute [*3]misconduct in New York. As respondent has not submitted a response, he has not raised any of the aforementioned defenses.
In any event, respondent received notice and an opportunity to be heard before the foreign jurisdiction, the misconduct findings made by the EDNY are sufficiently supported by the record, and the misconduct for which he was disciplined in the Eastern District constitutes misconduct in New York.
With regard to the appropriate sanction, as a general rule, in reciprocal discipline matters, this Court gives significant weight to the sanction administered by the jurisdiction in which the charges were initially brought (see Matter of Milara, 194 AD3d 108 [1st Dept 2021]; Matter of Peters, 127 AD3d 103 [1st Dept 2015]). A three-year suspension is in accord with this Court's precedent involving similar misconduct (see Savitt, 170 AD3d at 24; Moreno, 156 AD3d at 51; Davey, 111 AD3d at 207).
Accordingly, the motion for reciprocal discipline should be granted and respondent is hereby suspended from the practice of law in the State of New York for a period of three years and until further order of the Court.
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to Judiciary Law §90(2) and 22 NYCRR 1240.13, predicated upon similar discipline imposed by the United States District Court, Eastern District of New York, is granted, and respondent Edward B. Geller is suspended from the practice of law in the State of New York for a period of three years, and until further order of this Court, and
IT IS FURTHER ORDERED that during the period of suspension and until further order of this Court, respondent Edward B. Geller is commanded to desist and refrain from (1) engaging in the practice of law in any form, either as principal or agent, clerk or employee of another, or from holding himself out in any way as an attorney and counselor-at-law; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board or commission or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that respondent Edward B. Geller is directed to fully comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and,
IT IS FURTHER ORDERED that if respondent Edward B. Geller has been issued a secure pass by the Office of Court Administration, he shall return it to the issuing agency forthwith.
Entered: August 24, 2023