Matter of Espinosa (2025 NY Slip Op 03017)

Matter of Espinosa

2025 NY Slip Op 03017

Decided on May 20, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 20, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

 Motion No. 2024-06355 Case No. 2024-07717
 In the Matter of Tomas Espinosa
an attorney
counselor-at-law: Attorney Grievance Committee for the First Judicial Department
Petitioner
Tomas Espinosa (OCA Atty. Reg. No. 2060358)
Respondent.

Motion No. 2024-06355|Case No. 2024-07717|

[*1]In the Matter of Tomas Espinosa, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Tomas Espinosa (OCA Atty. Reg. No. 2060358), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Tomas Espinosa, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 14, 1986.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Gina M. Patterson, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Tomas Espinosa, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 14, 1986.
Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Gina M. Patterson, of counsel), for petitioner.
Respondent, pro se.
Motion No. 2024-06355 — March 31, 2025
In the Matter of Tomas Espinosa, an attorney
Per Curiam
Respondent Tomas Espinosa was admitted to the practice of law in the State of New York by the Appellate Division, First Judicial Department on April 14, 1986. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [a] [2]). Respondent was also admitted to the Bar of New Jersey on December 23, 1985, and at all times relevant to this proceeding, he maintained a law office in New Jersey.
On or about October 30, 2018, the Office of Attorney Ethics for the State of New Jersey (OAE) filed a complaint seeking disciplinary action against respondent. The seven-count complaint charged respondent with more than 40 violations of the New Jersey Rules of Professional Conduct (NJRPC). The OAE proceedings arose from two grievances filed by respondent's clients related to his representation of them in two multi-plaintiff lawsuits against several banks alleging violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act in connection with mortgage foreclosures. Respondent represented dozens of disadvantaged clients facing foreclosure in the sprawling RICO actions, and during the course of litigation, he committed numerous ethical violations, including improperly sharing legal fees with a non-lawyer who was also a client in the case, continuing misguided litigation even after there was no chance of success, charging excessive or unreasonable fees, engaging in conflicts of interest, and paying his wife for paralegal services out of the litigation fund. Respondent filed an answer on or about April 30, 2019 in which he admitted to some of the factual allegations raised in the OAE's complaint and denied others.
On or about January 14, 2020, a hearing was commenced before a Special Ethics Master, where staff counsel appeared on behalf of the OAE and respondent appeared pro se. The hearing concluded on April 30, 2021 due to delays attributed to the COVID-19 pandemic. In a report dated April 19, 2022, the Special Master, after reviewing the testimony and evidence presented at the hearing, concluded that respondent's actions constituted unethical conduct, determined that respondent had violated several provisions of the NJRPC, and recommended that respondent be suspended from the practice of law for a period of two years. By letter dated May 5, 2023, the OAE advised the Disciplinary Review Board of the Supreme Court of New Jersey [*2](DRB) that the hearing transcript contained several deficiencies, and as requested, the Special Master issued a supplemental report on or about May 26, 2023 that made corrections to the April 19, 2022 report but left the prior disciplinary recommendations unchanged. In recommending an appropriate sanction, the Special Master noted that although respondent did not have a prior disciplinary history, his unethical conduct related to the RICO matters was "abundant" and "egregious" and his conduct toward both OAE counsel and the Special Master during the hearing was "outrageous" at times. Given respondent's many ethical violations, the Special Master recommended that respondent be suspended for a period of two years.
On October 31, 2023, the DRB issued a decision unanimously determining that respondent violated the NJRPC. However, the DRB declined to adopt all of the Special Master's findings, dismissing charges that respondent violated NJRPC rules 1.2 (a), 1.4 (a), 5.4 (a), 7.1 (a), and 8.4 (d). The DRB found that respondent violated 22 distinct provisions of the NJRPC. The DRB also noted that it had been unable to reach a consensus among its six participating members about whether respondent knowingly misappropriated client funds in violation of NJRPC rule 1.15 (a). Thus, the DRB could not agree on the appropriate sanction to impose. Three DRB members found that respondent knowingly misappropriated client funds and voted to recommend that he be disbarred. The remaining three members concluded that the OAE had not established by clear and convincing evidence that respondent knowingly misappropriated client funds and voted to recommend the imposition of a three-year suspension.
By order dated July 22, 2024, the Supreme Court of New Jersey, upon a review of the DRB's split decision, declined to find on the record before it that respondent knowingly misappropriated client funds. The court otherwise affirmed the DRB's misconduct findings and ordered that respondent be suspended for a period of three years and until further order of the court, effective August 21, 2024.
The AGC now seeks an order from this Court, pursuant to the doctrine of reciprocal discipline as set forth in 22 NYCRR 1240.13, suspending respondent from the practice of law in New York for three years, predicated upon the discipline ordered by the Supreme Court of New Jersey, or, alternatively, sanctioning respondent as this Court deems appropriate and granting such other and further relief as is just and proper.
"In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice and opportunity to be heard in the foreign jurisdiction; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York" (Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
None of the enumerated defenses can prevail here. First, respondent [*3]received both notice and an opportunity to be heard, as the OAE served him with a complaint for disciplinary action, a hearing was subsequently held before the Special Master upon notice to respondent, a report with a recommendation for discipline was afterward served on respondent, and, finally, the Supreme Court of New Jersey entered its order suspending respondent based on those findings of fact and recommendations. Respondent availed himself of the opportunity to be heard, vigorously defending himself at the Special Master's hearing, during the DRB's oral arguments, and before the Supreme Court of New Jersey. Second, a review of the record establishes that, contrary to respondent's assertions otherwise, there was no infirmity of proof. The differences between the misconduct findings of the Special Master, the DRB, and the Supreme Court of New Jersey do not constitute an infirmity of proof, particularly where, as here, the record contains extensive factual findings, including violations of more than 20 provisions of the NJRPC. Third, the misconduct for which respondent was disciplined in New Jersey constitutes violations of parallel disciplinary provisions in New York, specifically Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.4, 1.5, 1.7, 1.8, 1.9, 1.15 (a), 1.15 (d), 1.16, 5.3, 5.4, 7.2, 7.3, 8.4 (a), and 8.4 (c). Respondent's contentions that there was an infirmity of proof and a lack of uniform standards for the imposition of sanctions in New Jersey that amounted to a violation of due process are unavailing. Accordingly, because no defense can prevail, the imposition of reciprocal discipline is appropriate and the only issue that remains is what sanction to impose.
With respect to the sanction, in reciprocal disciplinary proceedings, this Court's general rule is that "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018], citing Matter of Jaffe, 78 AD3d 152 [1st Dept 2010]). "Only in rare instances will this Court depart from its general rule" (Matter of Tustaniwsky, 204 AD3d 162, 165 [1st Dept 2022]).
Thus, a three-year suspension, as requested by the AGC, is the appropriate sanction, as it is commensurate with the discipline imposed in New Jersey and generally accords with this Court's precedent in cases involving comparable misconduct (see Matter of Geller, 218 AD3d 55 [1st Dept 2023]; Matter of Kachroo, 180 AD3d 183 [1st Dept 2020], lv denied 35 NY3d 917 [2020]; Matter of Yamada, 197 AD2d 235 [1st Dept 1994], lv denied 83 NY2d 761 [1994]; Matter of Javitz, 88 AD2d 303 [1st Dept 1982]).
This Court declines respondent's request to impose his suspension retroactively from the effective date of the suspension imposed in New Jersey, given that an interim suspension was not imposed in this matter, there was no procedural delay [*4]by the AGC or this Court in imposing discipline, and respondent did not indicate that he voluntarily ceased practicing law under his New York license in anticipation of this reciprocal disciplinary proceeding (cf. Matter of Peters, 127 AD3d 103 [1st Dept 2015]; Matter of Filosa, 112 AD3d 162 [1st Dept 2013]; Matter of Gilly, 110 AD3d 164 [1st Dept 2013]).
Accordingly, the AGC's motion should be granted and respondent should be suspended from the practice of law for a period of three years, effective 30 days from the date of this order, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to 22 NYCRR 1240.13, Tomas Espinosa, is granted, and respondent is suspended from the practice of law for a period of three years, effective 30 days from the date of this order, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Tomas Espinosa, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Tomas Espinosa, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Tomas Espinosa, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: May 20, 2025